IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VICTOR KONLAN LAARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-723 (RDA/JFA) |
| ) | |
| TARA DELARA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Defendant Judge Jaqueline Lucas' ("Defendant Lucas") and Defendant Division of Child Support and Enforcement's ("Defendant DCSE")[1] Motions to Dismiss. Dkt. Nos. 11; 15.[2] This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Having considered Defendant Lucas' Motion to Dismiss together with her Memorandum in Support (Dkt. 12), Plaintiff Victor Konlan Laari's ("Plaintiff") Opposition to Defendant Lucas' Motion to Dismiss (Dkt. 18), Defendant DCSE's Motion to Dismiss together with its Memorandum

---

[1] Plaintiff's Amended Complaint lists "The Director (Division of Child Support Enforcement)" as a Defendant in the case caption on page 1, but, on page 2 under the section "The Defendants" on the form complaint, Plaintiff lists "Tara Delara, Director of DCSE" as the only Defendant related to DCSE. Dkt. 3 at 1-2. Delara is not the director of DCSE, and Plaintiff does not appear to bring any claims against her personally. Dkt. 16 at n.1. As such, the Court will presume that Plaintiff's Amended Complaint intended to bring claims against DCSE and not Delara personally. Thus, the Court will construe "Delara's Motion to Dismiss" as a motion to dismiss on behalf of DCSE. This comports with the content of the Motion to Dismiss itself, which was filed by counsel at the Office of the Attorney General and which states that it is filed on behalf of "[t]he Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement (DCSE)." Dkt. 16 at 1.

[2] Charlotte Doe is also a Defendant in the instant case, but she has not filed a Motion to Dismiss.

in Support (Dkt. 16), and Plaintiff's *pro se* Amended Complaint (Dkt. 3), this Court GRANTS Defendant Lucas' and Defendant DCSE's Motions to Dismiss (Dkt. Nos. 11; 15) for the reasons that follow.

I. BACKGROUND

On June 2, 2023, Plaintiff Victor Konlan Laari, proceeding *pro se*, filed his initial Complaint, Dkt. 1, with this Court along with a Motion to Proceed *In Forma Pauperis*,[3] Dkt. 2. On June 5, 2023, Plaintiff filed an Amended Complaint.[4] Dkt. 3. Plaintiff's claims stem from a child support proceeding in the Prince William County Juvenile and Domestic Relations District Court ("JDR Court") on January 12, 2022. Dkt. 16 at 2. The JDR Court heard argument on Plaintiff's motion to amend child support on March 7, 2023 and issued an order finding that Plaintiff wished to withdraw his motion. *Id.* The JDR Court then granted his request to withdraw his motion. *Id.* In the instant case, Plaintiff alleges that Defendant Lucas and Defendant DCSE "failed to establish proof of paternity and have illegally been garnishing [his] scanty wages as well as [his] federal and state tax refunds." Dkt. 3 at 5. Plaintiff also alleges that Defendant Lucas denied Plaintiff's appeal for modification of his child support payment. *Id.* Among other relief, Plaintiff seeks to enjoin garnishment of his wages and to recover his previously garnished wages. *Id*. at 6.

On December 6, 2023, Defendant Lucas filed a Motion to Dismiss the Amended Complaint along with a *Roseboro* Notice, Dkt. 11, and her Memorandum in Support, Dkt. 12. On December 8, 2023, Defendant DCSE filed a Motion to Dismiss the Amended Complaint along with a *Roseboro* Notice, Dkt. 15, and its Memorandum in Support, Dkt. 16. Plaintiff filed his Opposition to Defendant

---

[3] The Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* as moot on November 13, 2023 because Plaintiff paid the filing fee. Dkt. 7.

[4] In Plaintiff's initial Complaint, he refers to Defendant Lucas by name, but the corresponding pages in the Amended Complaint do not list Defendant Lucas. But as Defendant Lucas responded to both the allegation in the initial Complaint and the Amended Complaint, the Court will still address Plaintiff's allegations against Defendant Lucas.

Lucas' Motion to Dismiss on December 29, 2023. Dkt. 18. To date, Plaintiff has neither filed a response to Defendant DCSE's Motion nor requested an extension of time to file a response.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. In considering a Rule 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction exists. *United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

There are two ways in which a defendant may prevail on a Rule 12(b)(1) motion. First, and as Defendants do here, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* However, conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

Alternatively, a Rule 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Under this latter approach, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

3

B. Rule 12(b)(6)

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).  "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).  Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).  That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

III. ANALYSIS

Plaintiff appears to be attempting to bring a 42 U.S.C. § 1983 claim and an 18 U.S.C. § 241 claim against Defendants Lucas, DCSE, and Charlotte Doe for violating his constitutional rights under the color of state law.  Dkt. 18 at 3-4.  Both Defendants Lucas and DCSE moved to dismiss Plaintiff's Complaint.  The Court will address each motion in turn.

A.  Defendant Lucas' Motion to Dismiss

Defendant Lucas asserts several grounds for dismissing the Amended Complaint.  First, Defendant Lucas argues that Plaintiff's claims against her should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because, as a judge, she is "absolutely immune from any suit for monetary damages."  Dkt. 12 at 3.  Additionally, Defendant Lucas argues that, even if judicial immunity did not apply, there is no factual basis for Plaintiff's cause of action.  *Id.* at 4.  In response, Plaintiff contends that Defendant Lucas is not immune from suit because she (1) conspired with the Division of Child Support Enforcement regarding fraudulent calculations of Plaintiff's wage deductions; (2) refused to amend Plaintiff's monthly payments; (3) fraudulently increased Plaintiff's child support payments; (4) discriminated against Plaintiff by holding him in contempt; and (5) failed to grant his modification of child support payments.  Dkt. 18 at 3.

Plaintiff's arguments are unavailing.  The doctrine of judicial immunity extends to judges and is designed to protect the judicial process.  *Garrison v. Case*, No. CV JKB-21-2125, 2021 WL 6000024, at *1 (D. Md. Dec. 20, 2021).  Moreover, judicial immunity is absolute.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).  It precludes any suit whatsoever against judges, not just the ultimate assessment of damages.  *Id.* at 11.  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  *Id.*  Moreover, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly."  *Stump v. Sparkman*, 435 U.S. 349, 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (noting that a judge may not be attacked for exercising judicial authority even if done improperly).  There are only two sets of circumstances that may overcome the bar of judicial immunity: (1) "for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction."

*Mireles*, 502 U.S. at 11-12 (internal citations omitted). "A judge acts in a judicial capacity when the function is one 'normally performed by a judge' and when the parties 'dealt with the judge in his judicial capacity.'" *Garrison*, 2021 WL 6000024, at *2 (citing *Stump*, 435 U.S. at 362). Thus, the relevant inquiry is the nature and function of the alleged act. *Mireles*, 502 U.S. at 12-13. Here, Plaintiff's Amended Complaint is full of grievances solely related to the handling of his JDR Court case, and each of Plaintiff's allegations directly relate to Defendant Lucas' role as Judge for the JDR Court. Neither of the above exceptions to judicial immunity are present here. Judicial immunity therefore precludes Plaintiff's suit against Defendant Lucas. Accordingly, Plaintiff's claims against Defendant Lucas will be dismissed.[5]

B. Defendant DCSE's Motion to Dismiss

Defendant DCSE asserts multiple grounds on which the Court should dismiss Plaintiff's Amended Complaint. First, Defendant DCSE contends that it has not been properly served and has not waived service. Dkt. 16 at 4. Second, Defendant DCSE argues that, as Plaintiff is seeking to address a state child support order, "the Domestic Relations Exception bars the claim and this Court lacks subject matter jurisdiction." *Id.* Finally, Defendant DCSE asserts that it is immune from suit under the Eleventh Amendment and that Plaintiff has failed to state a claim. *Id.* As subject matter jurisdiction affects the Court's ability to consider the merits of the case, the Court will first consider whether it has subject matter jurisdiction over the instant matter.

This Court does not have subject matter jurisdiction over Plaintiff's remaining claims. Federal district courts are courts of limited jurisdiction. *Ins. Corp. of Ireland v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). As such, this Court's jurisdiction is restricted to the categories of cases articulated in Art. III, § 2, cl. 1 and is "further limited to those subjects encompassed within a

---

[5] As the Court will dismiss Plaintiff's claim against Defendant Lucas on the basis of judicial immunity, the Court need not address Defendant Lucas' additional grounds for dismissal.

statutory grant of jurisdiction." *Id.* Congress has conferred on federal courts two primary bases for subject matter jurisdiction: federal question jurisdiction under U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). Although Plaintiff only explicitly invokes federal question jurisdiction in his Amended Complaint, *see* Dkt. 3 at 3 (checking the box for federal question jurisdiction on his form complaint), this Court will consider whether it has either federal question jurisdiction or diversity jurisdiction over the instant action.

The Court first considers whether Plaintiff's Amended Complaint makes plausible the existence of federal question jurisdiction. Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, "[t]he well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Federal question jurisdiction can be established by showing that federal law creates a cause of action or "the presence of a federal issue in a state-created cause of action." *Merrell Dow*, 478 U.S. at 809-10. Here, Plaintiff's allegations focus exclusively on a child support dispute in Prince William County, Virginia. Dkt. 3. While Plaintiff cites federal statutes in his Amended Complaint, it is well recognized that a plaintiff cannot create federal question jurisdiction merely by citing inapplicable federal statutes in his complaint. *See Riley v. United States Bankr. Ct.*, No. CV 3:22-409-SAL-SVH, 2022 WL 4181040, at *2 (D.S.C. Mar. 15, 2022), *report and recommendation adopted*, No. 3:22-CV-409-SAL, 2022 WL 3097922 (D.S.C. Aug. 4, 2022) (finding lack of subject matter jurisdiction despite *pro se* plaintiff's citation to federal criminal statutes as basis for civil claim). Additionally, family law matters, such as child support determinations, remain the province of state courts. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Accordingly,

7

federal courts lack the power to intervene with child custody and support matters. *Id.* at 703-05. Thus, Plaintiff's Amended Complaint does not establish federal question jurisdiction. [6]

Plaintiff's Complaint also does not demonstrate diversity jurisdiction. Diversity jurisdiction is established in cases where there is complete diversity of citizenship and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant." *Williams Farm P'ship, LLC v. Siegers Seed Co.*, 664 F. Supp. 2d 611, 613 (D.S.C. 2009) (citing *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999)). Here, Plaintiff does not allege that there is complete diversity of citizenship. According to the Amended Complaint, Plaintiff alleges that each named Defendant is a citizen of the Commonwealth of Virginia. Dkt. 3 at 1-2. Therefore, Plaintiff cannot meet his burden of establishing complete diversity of citizenship, and this Court lacks subject matter jurisdiction over his claims.

\*    \*    \*

In sum, Plaintiff's claims against Defendant Lucas are barred by judicial immunity. This Court also does not have subject matter jurisdiction over Plaintiff's remaining claims. Accordingly, the Court will dismiss Plaintiff's Amended Complaint against all Defendants.[7] Moreover, because it

---

[6] Moreover, even if this Court did not lack jurisdiction over matters of child support, Plaintiff would still not be permitted to proceed in this case, because he cannot state a claim under the two federal statutes that he cites. Courts have uniformly recognized that 18 U.S.C. § 241 does not provide plaintiffs with a private cause of action. *Sanford v. City of Franklin, VA*, 2016 WL 8260049, at *5 (E.D. Va. Feb. 12, 2016) (collecting cases). Additionally, Plaintiff fails to identify any constitutional right or violation of such a right that would support his claim under 42 U.S.C. § 1983.

[7] Though Defendant Charlotte Doe did not file a Motion to Dismiss, the federal rules require dismissal anytime there is a determination that there is no subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, as the Court determined it has neither federal question jurisdiction nor diversity jurisdiction over any of Plaintiff's claims, the Amended Complaint will be dismissed in its entirety. Additionally, Plaintiff has not stated any claim against Defendant Charlotte Doe. There are no facts in the Amended Complaint relating to Defendant Charlotte Doe and she does not appear

is plain from the allegations of the Amended Complaint that Plaintiff cannot further amend his complaint so as to establish jurisdiction over his claims in this Court, the Court will not permit Plaintiff to further amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Lucas' Motion to Dismiss (Dkt. 11) is GRANTED; Plaintiff's claims against Defendant Lucas are DISMISSED WITH PREJUDICE as barred by the doctrine of judicial immunity; and it is

FURTHER ORDERED that Defendant DCSE's Motion to Dismiss (Dkt. 15) is GRANTED; Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as to the remaining Defendants for lack of subject matter jurisdiction.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendants. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
May 3, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

---

to have been served, even though the time to do so pursuant to Rule 4(m) of the Federal Rules of Civil Procedure has long passed.